United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROWN,<br><br>        Appellant,<br><br>    v.<br><br>LION SHARE INVESTMENTS, LLC,<br><br>        Respondent. | Case No. 17-cv-05531-EMC<br><br>**ORDER DENYING EX PARTE MOTION TO STAY PENDING APPEAL**<br><br>Docket No. 4 |

Appellant Arlene Brown moved the Court ex parte for a stay of the bankruptcy court's order granting Respondent Lion Share Investments, LLC's motion for relief from the automatic stay under 11 U.S.C. § 362(a) pending a review of her appeal on the merits. For the reasons herein stated, Appellant's request is **DENIED**.

A.    <u>Factual and Procedural Background</u>[1]

Appellant Brown lives at 39 Minerva Street (the "Minerva Property"). It is undisputed that, on July 19, 2017, Lion Share obtained a judgment for possession of the Minerva Property from the San Francisco County Superior Court. It is further undisputed that Appellant did not file a Chapter 13 bankruptcy case until August 16, 2017, case no. 17-30799 DM. Appellant disputes the legal validity of Wells Fargo Bank, N.A.'s ("Wells Fargo") purchase of the Minerva Property at a Trustee Sale on July 6, 2016 and subsequent recording of the purchase, but does not dispute that it occurred. Similarly, Appellant disputes the legal validity of a transfer of the Minerva

---

[1] Both parties request judicial notice of documents recorded with the County of San Francisco, documents filed with the Bankruptcy Court, and documents filed in the Superior Court of California related to the unlawful detainer and writ of possession. Because these documents are public records not reasonably subject to dispute, the Court **GRANTS** both motions with respect to the existence of such documents. *See* Docket Nos. 5, 11. The Court does not take judicial notice of, or rely on, Respondent's alleged facts numbers 5-9 related to Appellant's bankruptcy petitions filed prior to March 2015 because they are not material to this dispute. *See* Docket No. 11.

1 Property from Wells Fargo to Lion Share on or about January 12, 2017, but does not dispute that it
2 occurred.

3 Lion Share filed a motion for relief from the automatic stay in the bankruptcy court on
4 August 19, 2017, which was granted after a hearing on September 8, 2017. Appellant did not
5 appear at the hearing because she arrived at the court late, after the matter had been heard and the
6 motion granted. Appellant then filed a motion for reconsideration, which was denied on
7 September 12, 2017. Appellant then filed a Notice of Appeal to this Court and an ex parte request
8 in the bankruptcy court for a stay pending appeal on September 4. The bankruptcy court denied
9 the stay request after a hearing on September 29.

B. Discussion

The issuance of a stay pending appeal is "an exercise of judicial discretion" "dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012). The Court analyzes four factors: (1) whether the party requesting the stay has made a strong showing that it is likely to succeed on the merits; (2) whether the requesting party will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 1203 (citation and quotation omitted).

Here, even if Appellant can demonstrate irreparable injury to herself absent a stay, she has not shown a strong likelihood of success on the merits. The Bankruptcy Court explained that "it is obvious . . . that there is little or nothing this court can do when the moving party has already obtained a judgment for possession of the property Debtor seeks to protect by the automatic stay." Order on Debtor's Application for Reconsideration, *In re Arlene R. Brown*, Case No. 17-30799-DM, Docket No. 24 at 2 (Bankr. N.D. Cal. Sep. 12, 2017) ("Reconsideration Order'). That ruling was correct. In a very similar case, the Ninth Circuit recently "conclude[d] that under California law, entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue." *See In re Perl*, 811 F.3d 1120, 1127-28 (9th Cir. 2016). Accordingly, "the Sheriff's lockout did not violate the automatic stay because no legal or equitable interests in the property remained to

1 become part of the bankruptcy estate." *Id.* at 1130 (emphasis added).  Similarly, here, Lion Share
2 obtained an unlawful detainer judgment and writ of possession on July 19, 2017, *before* Appellant
3 filed for bankruptcy on August 16, 2017.  Under *In re Perl*, Appellant no longer had any legal or
4 equitable interest in the Minerva Property by the time she filed for bankruptcy; accordingly, there
5 was no automatic stay in place, let alone one that Lion Share was required to lift.  The Bankruptcy
6 Court's order granting the motion to lift the stay—which, under *In re Perl*, did not apply to the
7 Minerva Property in these circumstances—therefore was not erroneous.  To the extent Appellant
8 challenges the California court's issuance of a writ of possession or unlawful detainer proceeding,
9 the Bankruptcy Court correctly advised her that her "remedies, if any, are to be found in the state
10 courts."  Reconsideration Order at 2.

Appellant also challenges various procedural issues in the Bankruptcy Court.  However, even if her allegations of procedural error are correct (and they appear not to be), she cannot show that she was prejudiced by those errors.  *See* Fed. R. Bankrutpc. P. 9005 (incorporating Fed. R. Civ. P. 61, which states that "[a]t every stage . . . the court must disregard all errors and defects that do not affect any party's substantial rights"); *In re Rosson*, 545 F.3d 764, 776 (9th Cir. 2008) (rejecting claim of procedural error in bankruptcy proceeding where party "can show no prejudice arising from the defective process").  Appellant had an opportunity to be heard at the Bankruptcy Court on at least three occasions: on Lion Share's initial motion at the September 8 hearing; when she filed a request for reconsideration; and then when she filed a request for a stay pending appeal to this Court.  Further, none of the procedural errors alleged would have changed the outcome.  The undisputed fact that Lion Share had obtained an unlawful detainer judgment and writ of possession before Appellant filed for bankruptcy disposes of this issue under *In re Perl*.

C. Conclusion

For the reasons herein stated, Appellant's ex parte application for a stay of the bankruptcy court's order is **DENIED.**

This order disposes of Docket No. 4.

//

//

3

**IT IS SO ORDERED**.

Dated: October 12, 2017

_____
EDWARD M. CHEN
United States District Judge